IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Plaintiff, | | |
| | : | |
| v. | : | Criminal No. 07-60 GMS |
| DAVID HANCOCK and | : | |
| MIGUEL ALCANTARA | | |
| Defendants, | : | |

## <u>MEMORANDUM ORDER</u>

1.      On April 24, 2007, the Grand Jury for the District of Delaware indicted Miguel Alcantara

("Alcantara") on one count of conspiracy to possess with the intent to distribute 500 grams or more

of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 846 (Count I), one count of

attempted possession with intent to distribute 500 grams or more of cocaine, in violation of 21

U.S.C. §§ 841(a)(1) and (b)(1)(B) and 846 (Count II), one count of possession with the intent to

distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count III), and one count

of possession of marijuana, in violation of 21 U.S.C. § 844 (Count IV).  On October 30, 2007,

Alcantara pleaded guilty to Count I of the indictment, conspiracy to possess with the intent to

distribute 500 grams or more of cocaine, which carries a ten year mandatory minimum term of

incarceration.  The court set Alcantara's sentencing hearing for March 24, 2008.

2.      On February 20, 2008, the court received an "Affidavit" from Alcantara, in which he stated

he was without competent counsel.  (D.I. 55 at 1.)  The court addressed the Affidavit during the

sentencing hearing by questioning Alcantara.  (See Transcript of Hearing dated March 24, 2008, at

12-19.)  Based upon Alcantara's answers to the questions, the court permitted him to proceed pro

se.  Alcantara then informed the court that he wanted to withdraw his guilty plea by challenging the

court's jurisdiction.

3.      On April 15, 2008, Alcantara filed another Affidavit (D.I. 58), which purports to be his motion to withdraw his guilty plea.  On May 28, 2008, Alcantara filed a Supplemental Affidavit (D.I. 62) to his motion.  On June 10, 2008, Alcantara filed a second Supplemental Affidavit (D.I. 66).  The government filed responses to the affidavits.  (See D.I. 64, 68.)  Although difficult to decipher, Alcantara's affidavits appear to argue that the court should dismiss the indictment against him or permit him to withdraw his guilty plea, because the court lacks personal jurisdiction over him and subject matter jurisdiction over this action.  The court construes Alcantara's affidavits as his motion to withdraw his guilty plea.

4.      After the court has accepted a defendant's plea of guilty, he cannot withdraw it on a whim.  *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001).  Rather, he must show "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d).  There are three factors that the court must consider in determining whether the defendant has met the "fair and just reason" standard to withdraw a guilty plea, including: (1) a defendant's assertion of innocence; (2) the strength of a defendant's reasons for withdrawal; and (3) the prejudice to the government that could potentially result from a withdrawal.  *Brown*, 250 F.3d at 815.  Under this standard, the court considers the prejudice to the government only if the defendant satisfies the initial burden of establishing adequate grounds for withdrawal under the first two factors.  *United States v. Harris*, 44 F.3d 1206, 1210 (3d Cir. 1995) (citing *United States v. Martinez*, 785 F.2d 111 (3d Cir. 1986)).

5.      Here, Alcantara does not assert his innocence or any other reasons for withdrawal.  Instead he appears to argue that the court lacks subject matter jurisdiction over this action and personal jurisdiction over him.  The court finds these arguments without merit and easily dismissed.  First,

the court has subject matter jurisdiction over this action and any federal criminal offense, pursuant to 21 U.S.C. § 3231, which provides "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of *all* offenses against the laws of the United States." (emphasis added).  In the present case, Alcantara pleaded guilty to committing a federal criminal offense, namely, conspiracy with the intent to distribute cocaine, in violation of 21 U.S.C. § 846.  As the government points out in its response to Alcantara's affidavits, section 846 was enacted as part of the Controlled Substances Act, a subset of the Comprehensive Drug Abuse and Prevention Act of 1970, which was enacted pursuant to Congress' power to regulate interstate commerce under Article I, Section 8 of the United States Constitution.  *See, e.g., Gonzales v. Raich*, 545 U.S. 1, 16-22 (2005); *United States v. Orozco*, 98 F.3d 105, 106-07 (3d Cir. 1996); *Parker v. Stiles*, No. 00-5334, 2001 WL 755099, *2 (E.D. Pa. June 29, 2001) ("Congress made specific findings that the distribution of controlled substances has a substantial effect upon interstate commerce when enacting the Controlled Substances Act. Section 841 has survived commerce clause challenges since the [*United States v.*] *Lopez*[, 514 U.S. 549 (1995)] decision.").  Thus, the court has subject matter jurisdiction over this matter.

6.      Further, the court has personal jurisdiction over Alcantara, whose criminal acts were directed at the United States and, more particularly, Delaware.  *See United States v. Ramos*, No. Crim. A. 03-379, 2004 WL 356412, *1 (E.D. Pa. Feb. 5, 2004).  The court has personal jurisdiction over a criminal defendant "when he appears before the court, whether voluntarily or involuntarily." *Powell v. United States*, No. Crim. A. 99-719, 2004 WL 1576633, *3 (E.D. Pa. July 1, 2004); *see, e.g., Frisbie v. Collins*, 342 U.S. 519, 532 (1952) ("[T]he power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible

3

abduction."') (citations omitted).

7.      Given the foregoing, Alcantara's arguments do not meet the "fair and just" standard for

permitting a defendant to withdraw his guilty plea.[1]

      Therefore, IT IS HEREBY ORDERED that:

1.      The defendant's motion to withdraw his guilty plea (D.I. 58, 62, 66) is DENIED.

2.      The defendant shall appear for sentencing in this matter on **Friday, October 10, 2008, at 10:30 a.m.**

Dated: September 4, 2008        /s/ Gregory M. Sleet
                            CHIEF, UNITED STATES DISTRICT JUDGE

---

[1] To the extent that Alcantara's motion asks the court to dismiss the indictment against him for lack of subject matter jurisdiction or lack of personal jurisdiction, it is also denied. Alcantara appears to argue that the court is without subject matter jurisdiction, because 21 U.S.C. § 846 was not properly enacted into positive law. This argument is without merit. Section 846 was enacted by Congress into law on October 27, 1970 by Pub. L. No. 91-513, Title II, § 406, 84 Stat. 1265. Moreover, the most recent amendment to section 846 states "[b]e it enacted by Senate and House of Representatives of the United States of America in Congress assembled," which belies Alcantara's assertion that section 846 was not properly enacted. *See* Pub. L. No. 100-690, Title VI, § 6470(a), Nov. 18, 1988, 102 Stat. 4377.

As for Alcantara's claim that the court should dismiss the indictment against him for lack of personal jurisdiction, the court has already determined that it has personal jurisdiction over Alcantara. Further, as the government notes in its briefing, those courts that have addressed whether a defendant can invoke Federal Rule of Criminal Procedure 12(b) to request dismissal of an indictment for lack of personal jurisdiction, have held that a challenge to personal jurisdiction is deemed waived if not made prior to trial or conviction. *See, e.g., United States v. Borrego*, 885 F.2d 822, 824 (11th Cir. 1989); *United States v. Vreeken*, 803 F.2d 1085, 1089 (10th Cir. 1986); *United States v. Grote*, 632 F.2d 387, 388-89 (5th Cir. 1980); *Sewell v. United States*, 406 F.2d 1289, 1292-93 (8th Cir. 1969); *see also* 1A Wright & Leipold, Federal Practice & Procedure § 193, at 400, 405-06 (4th ed. 2008) (noting that jurisdiction over the person falls into the class of Rule 12 defenses that is waived if not timely asserted, i.e. prior to trial or conviction). In the present case, Alcantara has waived any personal jurisdiction challenge, because he has pleaded guilty to Count I of the indictment.

4